```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

WW, LLC, et al.                    *
                                   *
         v.                        *   Case No. WMN-05-3360
                                   *
THE COFFEE BEANERY, LTD., et al.   *
                                   *
                                   *
    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is a Motion for Reconsideration, ECF No. 165, filed by Plaintiff, Richard A. Welshans.  The motion is fully briefed and ripe for review.  Upon a review of the papers, facts, and applicable law the Court determines (1) that no hearing is necessary, Local Rule 105.6, (2) that the motion will be granted, and (3) the Court will modify its July 17, 2013, Order to grant summary judgment in favor of Defendants on Count I to the extent that Count I properly alleges an earnings claim.

**I.   FACTUAL AND PROCEDURAL HISTORY**

On July 17, 2013, the Court granted, in part, and denied, in part, Defendants' motion for summary judgment.  ECF Nos. 163 & 164.  As a result, the only remaining claim in this case is Plaintiff's allegation that Defendants violated the Maryland Franchise Registration and Disclosure Law (the "Maryland Franchise Act" or "MFA"), Md. Code Ann., Bus. Reg. §§ 14-201 et seq., which the Court limited in three respects.  First, the Court determined that only Welshans has standing to pursue that

claim and not his partner, Deborah Williams, nor their limited liability company. Second, the Court granted summary judgment on Count I to the extent that Plaintiff alleged that Defendants failed to provide him with a registered Uniform Franchise Offering Circular ("UFOC"). Finally, the Court excluded from Count I, any allegation that Defendants made an "earnings claim" on the ground that Plaintiff failed to properly assert that claim in Count I. Specifically the Court held,

> that Count I does not include the "earnings claim" that Plaintiffs make in Count III (intentional misrepresentation) and Count IV (negligent misrepresentation). There, Plaintiffs allege that Defendants misrepresented "the earnings Plaintiffs could expect from operating" their store, ECF No. 84 (Second Amend. Compl.) ¶ 125, in addition to other representations about such things as costs associated with opening the store, the identity of other franchisees, and payments to the Coffee Beanery marketing fund. Count I, however, is narrowly tailored to address only the alleged misrepresentations in the UFOC and the Franchise Agreement, see ECF No. 84 (Second Amend. Compl.) ¶¶ 110-119, and does not include any allegation that those documents included any misrepresentation regarding earnings. Plaintiffs do not respond to Defendants' argument about content of Count I and given the very specific nature of Plaintiffs' claim, the Court cannot infer that Count I includes the earnings claim that is the basis of their claims for misrepresentation.

ECF No. 163 at 22 n.7. It is this latter determination that Plaintiff now asks the Court to reconsider.

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). Rather, whether to review a prior decision is left to the discretion of the district judge. Boyd v. Coventry Health Care, Inc. 828 F. Supp. 2d 809, 813-14 (D. Md. 2011) (citing Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12 (1983)). While doctrines such as law of the case, "have evolved as a means of guiding [the court's] discretion" that doctrine "does not and cannot limit the power of a court to reconsider an earlier ruling" since "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." Am. Canoe Ass'n, 326 F.3d at 515.

**B. Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party shows "that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." A dispute of fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 258 (1986). When making this determination, all justifiable inferences from the evidence must be drawn in favor of the non-moving party. Id. A material fact is or one that might affect the outcome of the suit under the controlling substantive law and "factual disputes that are irrelevant or unnecessary" need not be considered when ruling on a motion for summary judgment. Id. at 247-48. The Court's task is not to weigh the evidence, but to determine whether the plaintiff has "sufficient proof, in the form of admissible evidence that could carry the burden of proof of his claim at trial." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993); see also Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995) (quoting Anderson, 477 U.S. at 248).

**III. DISCUSSION**

Plaintiff argues that the Court erred in its interpretation of the pleadings in this matter when it excluded his earnings claim from Count I which alleges that Defendants violated the

MFA. The Court doubts that it erred in this respect. In the interest of having a complete record going forward, however, the Court will exercise its discretion to consider the parties' prior submissions related to the alleged earnings claim. Based on those papers, the Court will consider Count I to include an earnings claim, but will grant summary judgment in Defendants' favor that claim.

The MFA provides for civil liability when a person sells a franchise by means of an "untrue statement of material fact or any omission to state a material fact necessary in order to make the statement made, in light of the circumstances in which they are made not misleading." § 14-227(a)(ii). Plaintiff alleges that Defendants misrepresented the earnings he could expect to receive from his purchase of a Coffee Beanery franchise in two ways. First, Plaintiff alleges that Kevin Shaw "opined to Welshans and Williams that Welshans and Williams would net $125,000 per year when operating the Coffee Beanery Café." Second Amend. Compl. ¶ 28. Second, Plaintiff alleges that Defendants provided him with a pro forma which misstated the average revenues of Coffee Beanery cafés. Second Amend. Compl. ¶ 29-31. Both of Plaintiff's claims fail because there is no evidence that he relied[1] on the alleged misrepresentations.

---

[1] Although the MFA does not explicitly mention reliance as an element of a claim for misrepresentation, the Court understands

The record is undisputed that Plaintiff did not rely on Defendants' alleged misrepresentations.[2] With regard to the alleged misrepresentation by Kevin Shaw, Plaintiff testified at his deposition that he considered Shaw's statement to be "puffing" and that there was "no way, shape or form we were thinking that there's going to be 125 that we're going to make, especially in the first year opening a new store." ECF No. 153-4 (Welshans Dep.) at 33-34. Rather, Plaintiff knew that Shaw was "exaggerating" and that his comment was merely a "throwaway line." Id. at 35. With regard to the alleged misrepresentations in the pro forma, Plaintiff has testified that he did not think about what the figures meant:

> Q. All right. So weren't you somewhat concerned as to the fact that it looked like, you know, maybe even as much as half of the stores were doing under $400,000 a year?

---

its relevance to be closely related to the concept of materiality. See generally Restatement (Second) Torts § 538. Moreover, at summary judgment, Plaintiff did not argue that reliance was irrelevant under the MFA. See ECF No. 159 at 45. Indeed, he argued that because reliance was disputed, summary judgment was inappropriate. Id.

[2] Plaintiff's summary judgment briefing does reference the testimony of his business partner Deborah Williams. It suggests that she asked Kevin Shaw for the pro forma, which would be an indication of her reliance on whatever representations it contained. ECF No. 159 at 15 & 30-31. But, the Court has already determined that Williams does not have standing to pursue a claim under the MFA, ECF No. 163 at 17-19, and thus whether or not she relied on the alleged misrepresentations is irrelevant.

A. I don't think, again, at that point we even thought
   about it.  We were concentrating on what we were
   trying to do and setting up that whole situation.

   *          *          *

   Q.  But you weren't concerned about whether the
   average store would do $409,000 a year?
   A.  Not at that point, no.

ECF No. 162-10 (Welshans Dep. in WW, LLC v. Sandy Spring Bank, Civ. Action No. 02-C-11-163856 (Cir. Ct. Anne Arundel Cnty.)) at 22-24.  Moreover, at the time he purchased the franchise, Plaintiff disclaimed that he had received and was relying on representations concerning historical or potential revenues and profits.  The Franchise Agreement he signed provides, in relevant part,

> CBL expressly disclaims the making of, and Store Owner
> [i.e., Plaintiff] acknowledges that it has not
> received, any representation, express or implied from
> any agent or employee of CBL , as to the prior,
> current, or potential sales, income, profits, or
> success of the business venture contemplated by this
> Agreement or of any other Store.

ECF No. 153-16 ¶ 24.1.  Similarly, Plaintiff signed a Compliance Certification wherein he disclaimed that:

- "any employee or other person speaking on behalf of CBL [has] made any statement or promise concerning the revenues, profits or operating costs of any CBL store operated by CBL or its franchisees;"
- "any employee or other person speaking on behalf of CBL [has] made any statement or promise regarding the amount of money you may earn in operating a CBL store;"
- "any employee or other person speaking on behalf of CBL [has] made any statement or promise concerning the total amount of revenue that will or may be generated by a CBL Store;"

7

- "any employee or other person speaking on behalf of CBL [has] made any statement or promise regarding the costs you may incur in operating a CBL Store that is contrary to or different from the information contained in the UFOC;" and
- "any employee or other person speaking on behalf of CBL [has] made any statement or promise concerning the likelihood of success that you should or might expect to achieve from operating a CBL Store."

ECF No. 153-17 at ¶¶ 8-12. These provisions further indicate that Plaintiff did not rely on the alleged misrepresentations, when deciding to purchase the franchise. See Hanley v. Doctor's Exp. Franchising, LLC, 2013 WL 690521 at *27 & *29 (D. Md. Feb. 25, 2013) (Hollander, J.) (while disclaimers cannot defeat liability "at least at the motion to dismiss stage" they do "remain factually relevant . . . with respect to the materiality of the alleged misrepresentations and omissions and the reasonableness of plaintiffs' reliance on them").[3] Summary judgment in favor of Defendants is therefore appropriate on Count I to the extent that it includes a properly pleaded earnings claim.

---

[3] To the extent that Plaintiff did rely on the alleged misrepresentations by Defendants, Plaintiff's claim still fails as it relates to Kevin Shaw's statement because, as this Court has already noted, misrepresentations regarding projected future earnings or profitability are not actionable. See ECF No. 120 at 44 (citing Layton v. AAMCO Transmission, Inc., 717 F. Supp. 368, 371 (D. Md. 1989) (representations regarding a franchise owner's probability of success not actionable fraud)); see also Flynn v. Everything Yogurt, 1993 WL 454355 at *8 (D. Md. Sept. 14, 1993) (dismissing claim under § 14-227(a)(1)(ii) because "[p]rojections of future earnings are statements of opinion rather than statements of material fact").

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration will be granted, and the Court will modify its July 17, 2013, Order to grant summary judgment in favor of Defendants on Count I to the extent that it includes an earnings claim.

_____/s/_____
William M. Nickerson
Senior United States District Judge

August 28, 2013